Colcock, J.
It does not appear that there was sufficient evidence of a demand on the maker of the note, and no-tice of non-payment to the indorser, within any time, or if any, w^hin a reasonable time. Notice ought to be sufficient, although it need not he formal. Besides, there was evidence of indulgence given by the indorsee, which seems sufficient to exonerate the in. dorser. The evidence of insolvency was not complete, even if the insolvency of the maker can be considered as sufficient reason to excuse want of notice. He was of opinion the motion ought to be granted.
Nott, J.,
was of a different opinion. Our courts have decided that the known insolvency of the maker shall be a sufficient cause for dispensing with the formality of notice. Taylor, the maker, was known insolvent. The fact was acknowledged by Ford, the indorser. He must have known of the insolvency when he indorsed the note. If he did know thereof, and Riddell, the in-dorsee, did not, it w'as a fraud. It may be presumed that the indorser had reasonable notice. The evidence warrants such a presumption. The evidence of giving further time to the indorser to pay the note, after it became payable, is slight, and not to be relied on.
Brevard, J.
In order to fix an indorser, it is necessary in general that the holder should-demand, or use due diligence to obtain payment of the maker, as soon as the note becomes payable ; and on default of payment, should use due diligence in giving notice thereof to the indorser, and of his intention to have recourse to him. It is also usual to state in the declaration, a demand on the maker, his refusal to pay, and notice to the indorser ; but there may be circumstances which will excuse actual presentment and notice, or which may be considered equivalent thereto.
It has been decided in our courts, that the payee of a note indorsing it, knowing the insolvency of the maker, cannot insist on notice. In England, it has been ruled otherwise, and that a known bankruptcy is not equivalent to a demand, or notice. 2 H. Blackstone, 609. It is the general understanding of the parties, when negotiable paper is indorsed, that the legal consequences shall attach, and that an indorser is entitled to all the privileges of that character. The necessity of a demand, notwithstanding the bankruptcy of the maker, or acceptor, in order to charge the indorser, or drawer, is founded solely on the custom of merchants, it is said, and that the courts cannot change the custom. 8 East. 242. In this State, however, the rule has been relaxed, and it has been de *181 termined that a known bankruptcy shall be equivalent to a demand and notice. The case of Clark v. The Administratrix of Minton, which was decided in the Constitutional Court of Appeals, at Columbia, in April, 1807, (3 vol. 185,) established that distinction. The case was tried before myself, in the Court of Common Pleas for Kershaw district; the action was against the indorser’s adminis-tratrix, upon anote made by Douglass,payable the 1st April, 1802, bearing date September, 1800. It did not appear when it was indorsed, in fact, otherwise than by the indorsement itself, which was dated September, 1800 ; the declaration was in the usual form. It appeared in evidence, that Douglass, the maker, became insolvent, and was declared a bankrupt, the 9th of November, 1801; that he left the State in a vessel bound to Liverpool, in February, 1802, and that he landed in Jamaica, where lie afterwards remained ; also, that he was reputed, and generally believed, to be insolvent from the time of going off the State. No evidence was given of demand, or due diligence to get payment from the maker, nor any notice to the indorser, of the indorsee’s intention of resorting to him; a motion for a nonsuit was overruled, and the plaintiff had a verdict. I held, that under the circumstances of the case, it was not incumbent on the plaintiff to prove any demand of, or diligence to, obtain payment. It was not pretended that the evidence .to excuse the want of notice could be rebutted.
After hearing arguments for a new trial, the whole court, Grbike, Waties, Bat, Tkezevant, and Wilds, Js., confirmed the law as laid down by the District Court; and Judge Waties, in delivering the resolution of the court, said that the strict rule of the English law had been often departed from, and particularly in the case of Kiddell v. Peronneau, which had been decided in Charles, ton many years before; he further declared, that a known «bankruptcy or insolvency was equivalent to demand and notice, and that no good reason could be assigned to the contrary. I am not disposed,-however, at present, to carry the doctrine farther than was done in the case of Clark v. Minton’s Administratrix. There was no proof of bankruptcy in this case, nor of an absolute declared insolvency, under the insolvent debtor’s or prison bound's acts.
It has been said that Taylor’s insolvency was known to Ford, at the time the note was indorsed, and that he acknowledged it; but I am not satisfied that such an insolvency was understood, as would be equivalent to a declared bankruptcy, or insolvency of record ; besides, a man may acquire property after being insolvent; it ought *182 *° an utter insolvency at the time the money becomes payable, to excuse the want of ordinary diligence. In the present case, there was no sufficient evidence of such insolvency ; there was no suffi-c*ent evidence of due diligence to demand payment of the maker of the note, or of notice to the indorsera, to satisfy me that the plaintiff was entitled to the verdict he has obtained. Besides, I am not certain that the indorsee did not give credit to the maker, and allow him further time for payment. If he did so, the indorser is absolved from all responsibility. I think the circumstances of the case are strong to warrant that presumption; If I were sure that the jury decided this point in favor of the plaintiff upon a fair and full consideration of the evidence, I should not venture upon this ground to set aside the verdict; but I incline to think it might have been overlooked, attending to other points which were brought more strikingly to their notice.
I do not feel myself at liberty to presume fraud on the part of the indorser. The circumstances of the case do not authorize the belief of fraud, which ought to be sufficiently proved, and ought never to be presumed. He might have known of Taylor’s general want of means to pay his debts, without knowing that he was utterly insolvent; many men are deemed insolvent on account of their involved circumstances, and want of active funds, who are, nevertheless, far from a state of legal insolvency ; and this might have been Taylor’s case, when the note in question was indorsed, for any thing that appears to the contrary from the evidence reported. Upon the whole, I am of opinion, that the defendant ought to have another opportunity of contesting the justice of the plaintiff’s demand, and the legal'propriety of the verdict in question.
Bas, J.,
was opposed to a new trial. The case of the Admi-nistratrix of Minton ads. Clark, was the case of a notorious declared bankruptcy. But though a mere reputed insolvency will not dispense with notice, yet, in this case, it appears that the in-dorser did certainly know, when he indorsed the note, Taylor would not be able to pay it when it became due. In this he acted fraudulently, and this may fairly be presumed from the evidence.
Gkimke, J.,
was of opinion a new trial ought to be granted. The proof is not, by any means, sufficient that Taylor was really and totally insolvent, nor that Taylor was acquainted sufficiently with his circumstances, to know that he was insolvent when the note was indorsed. But suppose he became solvent afterwards ? Would his prior insolvency excuse the necessity of notice 1 The ¡report of a man’s insolvency cannot be considered sufficient >evi *183 dence of the fact. The evidence of due diligence to obtain payment of the maker was not sufficient to authorize the presumption that it was used, but the contrary.
New trial granted.